1  STROOCK & STROOCK & LAVAN LLP
   ARJUN P. RAO (State Bar No. 265347)
2  MARCOS D. SASSO (State Bar No. 228905)
   ALINA N. EDEP (State Bar No. 341169)
3  2029 Century Park East, 18th Floor
   Los Angeles, CA 90067-3086
4  Telephone: 310-556-5800
   Facsimile:  310-556-5959
5  Email:      lacalendar@stroock.com

6  Attorneys for Defendant
        CITIBANK, N.A.
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | SOOK JA KIM, for herself and on behalf of members of the general public, | Case No. 2:22-cv-05615 |

Plaintiff,

**NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.**

v.

**(Pursuant to 28 U.S.C. § 1332(a) – *Diversity*)**

CITIBANK, N.A. and DOES 1-10,

Defendant.

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, defendant Citibank, N.A. ("Citibank"), by and through its counsel, hereby removes the action entitled Sook Ja Kim, for herself and on behalf of members of the general public v. Citibank, N.A., Case No. 22NWCV00472, pending in the Superior Court of the State of California, County of Los Angeles (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1.  On or about June 15, 2022, plaintiff Sook Ja Kim ("Plaintiff") commenced the Action in the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. In the Complaint, Plaintiff purports to allege causes of action against Citibank for: (1) violation of the California Identity Theft Act ("CITA"), Civil Code section 1798.93; (2) violation of the California Consumer Credit Reporting Agencies Act, Civil Code section 1785(a); (3) violation of the California Rosenthal Fair Debt Collection Practices Act, Civil Code section 1788 et. seq.; (4) violation of the California Unfair Competition Law, Business and Professions Code Section 17200; (5) negligent training, retention and supervision of its employees; and (6) a public injunction ordering that Citibank report accounts, balances and/or transactions which are disputed as unauthorized or the result of fraud or identity theft as "current" or "no payment history available" while the dispute investigation is pending. See Ex. A (Complaint, ¶ 2).

2.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process and orders served on Citibank in the Action are attached hereto as composite **Exhibit B**.

3.  Citibank denies any wrongdoing or liability in the action or that Plaintiff has suffered any damage whatsoever. Attached hereto as **Exhibit C** is a true and correct copy of the Answer and Affirmative Defenses filed by Citibank in the Action

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

on August 9, 2022. As set forth in the Answer, among other defenses, Citibank asserts that all claims asserted by Plaintiff in the Action are subject to binding, individual arbitration pursuant to the terms of the arbitration agreement contained in the card agreement governing Plaintiff's Citibank credit card account at issue. Citibank expressly reserves, and does not waive, the right to elect arbitration of all claims asserted by Plaintiff.

4. This Court has original jurisdiction over the Action under 28 U.S.C. § 1332(a) and the Action is removable to this Court by Citibank pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as fully explained below.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff alleges in the Complaint that she is a resident of the County of Los Angeles, California. See Complaint, ¶ 3. Accordingly, based on the allegations of the Complaint, Citibank is informed and believes that Plaintiff is a citizen of the State of California. See Complaint, ¶ 3.

6. Citibank is a national banking association located in Sioux Falls, South Dakota. A national bank is a citizen "of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). Therefore, Citibank is a citizen of the State of South Dakota. See, e.g., Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 737-38, 744, 116 S. Ct. 1730, 135 L. Ed. 2d 25 (1996) (recognizing that Citibank is a national bank and its home state is South Dakota); OCC Interpretive Letter No. 452 (Apr. 11, 1989), 8 No. 1 OCC Q.J. 77, 1989 WL 451256, at *1 (confirming that Citibank's home state is South Dakota and that the laws of South Dakota determine the applicable interest charges for Citibank).

//
//

## AMOUNT IN CONTROVERSY

7.　In the Complaint, Plaintiff does not allege a specific amount of damages. However, on or about July 15, 2022, counsel for Citibank received an email from counsel for Plaintiff (the "Settlement Email"). Attached hereto as **Exhibit D** is a true and correct copy of the Settlement Email. As set forth in the Settlement Email, Plaintiff values the claims asserted in the Complaint at a minimum of $450,000. See Exhibit D.

8.　The amount in controversy in the Action exceeds $75,000 based upon the statements of Plaintiff's counsel in the Settlement Email regarding the amount purportedly at issue in the Action. When, as here, the plaintiff does not claim a specific amount of damages or the complaint is otherwise unclear or ambiguous on its face, courts in the Ninth Circuit apply a "preponderance of the evidence" test to determine if the amount in controversy exceeds the jurisdictional limit. See Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 (9th Cir. 2002) (applying preponderance of the evidence standard); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (same). "Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." See Guglielmino, 506 F.3d at 699 (internal quotations and citation omitted).

9.　The amount-in-controversy inquiry in the removal context is not confined to the face of the complaint, and a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn, 281 F.3d at 840 (holding that case was properly removed because settlement demand was sufficient to establish the amount in controversy); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000) (holding that post-complaint letter from plaintiff's attorney, offering to settle action for more than $75,000, gave notice that action was removable); Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007) (holding that mediation letter in state proceeding was a

.

"paper" triggering removal of the action as damages estimate exceeded amount in controversy).

10.  Here, the Settlement Email clearly establishes that Plaintiff estimates the amount in controversy based on Plaintiff's alleged injuries at $450,000.  See **Ex. D**.  The Settlement Email is supported by details of Plaintiff's alleged injuries claimed and clearly indicates that the amount in controversy exceeds the jurisdictional amount.  See **Ex. D**.  Based upon this representation, Plaintiff contends that she has been damaged as a result of the conduct alleged in the Complaint in an amount far exceeding the jurisdictional limit.  Notwithstanding that Citibank maintains it has no liability in this Action, Plaintiff's Settlement Email regarding the amount Plaintiff seeks establishes that the amount in controversy exceeds the jurisdictional amount.  See Cohn, 281 F.3d at 840 (holding that settlement letter is sufficient evidence to establish the amount in controversy); Babasa, 498 F.3d at 975 (holding that while damages estimate in mediation letter may be imprecise, it was "sufficiently supported by details of the injuries claimed" and clearly indicated that the amount in controversy exceeded the jurisdictional amount); Singer, 116 F. 3d at 376 ("Where the plaintiff filed the case in state court, and did not seek the federal forum, then the plaintiff's formal judicial admission that the amount in controversy exceeds $50,000 has the effect of defeating the plaintiff's choice of forum.").

11.  Accordingly, based on Plaintiff's Settlement Email, Citibank contends that it is more likely than not that the amount in controversy exceeds the $75,000 jurisdictional limit.

12.  Citibank's removal is timely pursuant to 28 U.S.C. Section 1446(b) because Citibank has filed this removal within 30 days of receiving the Settlement Email (giving notice that the amount in controversy exceeds the jurisdictional limit), and within one year after "commencement of the action" in state court.

13.  Citibank concurrently is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles.  Citibank

will concurrently serve Plaintiff with copies of this Notice of Removal and the Notice filed in the state court.

Dated: August 9, 2022

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
MARCOS D. SASSO
ALINA N. EDEP

By: */s/ Marcos D. Sasso*
 Marcos D. Sasso

Attorneys for Defendant
CITIBANK, N.A.

# CERTIFICATE OF SERVICE

I hereby certify that, on August 9, 2022, a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                */s/ Marcos D. Sasso*
                                                   Marcos D. Sasso

RAY KIM LAW, PLC
Raymond Y. Kim
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (833) 729-5529
Facsimile: (833) 972-9546
Email: ray@raykimlaw.com
     *Attorney for Plaintiff Sook Ja Kim*

LA 52652598